Lucretia B. Garland
vs.                    } Div. No. 985.
George W. Garland

### DECISION.
September 23, 1929.

FROST, J.  This is an uncontested petition for divorce on the single ground of neglect to provide necessaries.  Petitioner has been regularly employed for a number of years.

The evidence shows that respondent paid petitioner's board during the year just prior to the filing of the petition but there is no evidence that respondent paid anything for petitioner's room, which was at her mother's house, or that he purchased any clothing for her.

Upon all the evidence the Court is not satisfied that there was such neglect or such refusal on the part of the respondent to provide necessaries for the subsistence of the petitioner as to entitle her to a divorce on this statutory ground.

Petition denied.

Edward Bowker
vs.                    } Eq. No. 7969.
Howard R. Semple et als.

September 23; 1929.

BAKER, J.  After the filing of the original rescript in this case, one Goldberg, now the holder of the second mortgage on the real estate involved, has been made a party respondent to the proceeding by a decree of this Court.  In connection therewith it has been brought to the Court's attention that the said second mortgage is valid and outstanding and the Court is therefore of the opinion that it should be treated in the same way that the first mortgage was in the rescript heretofore filed.

The Court finds, therefore, that the complainant should elect, within such time as may be fixed by decree to be entered herein, whether he desires to assume the said first and second mortgages and the expenses referred to in the original rescript.  If so, then he should be granted the relief prayed for in the bill; otherwise, the bill should be dismissed.

For complainant: Edward M. Sullivan.

For respondents: Comstock & Canning.

Peoples Savings Bank in
    Providence
        vs.                } Eq. No. 9425.
Hugo A. Clason, Adm'r,
    et al.

September 26, 1929.

BLODGETT, P. J.  Bill of interpleader to determine whether the title to a savings bank deposit in bank of complainant lay in one Minnie A. Meade, claiming same as a gift "causa mortis," or in the administrator of

Robert E. Cox, deceased, in whose name the book stood. Robert E. Cox died at the home of said Minnie A. Meade where for a long time he had resided, she being the proprietor of a rooming house.

Our Courts have held in several cases (see Citizens Savings Bank vs. Mitchell, 18 R. I. 739; Schuyler vs. Stephens, 28 R. I. 506 and cases there cited), that gifts of this nature require close scrutiny.

The record shows that Minnie A. Meade was no relative of deceased and had no claim upon him other than by reason of her alleged care of him during his last illness; also that the book was in the possession of deceased and kept in a trunk belonging to deceased and that at the time of the alleged gift deceased was on his deathbed and unable to get the bank book himself.

Claimant Minnie A. Meade testified that deceased directed her to get the book, and where to find it, and to bring it to him, and that then he gave same to her and told her that it and its contents were hers. This testimony was corroborated by a witness who chanced to stand in the doorway of the room at the exact time of the alleged gift.

It does not appear to the Court that such testimony meets the requirements necessary to establish such a gift. Deceased was an employee of the Gibsons, in the candy and restaurant business, for many years, and Mr. C. Fred Gibson testified to his ability in managing the down town branch at Turks Head. Deceased also had relatives in Vermont who appeared and testified as to a recent visit on his part and that for many years it had been his custom to visit there, and that he had always contributed to the support of his father there, and always appeared fond of them.

The claimant, Minnie A. Meade, was a clairvoyant by profession and there was no apparent reason why this book should have been turned over to her at this time except the fact that deceased was very ill at this time and she had taken care of him. The coincidence, too, of a witness to the gift passing the room by chance and standing in the doorway to listen is not of extreme probative force.

In the opinion of the Court the deposit, now in the registry of the Court, belongs to the administrator of the estate of Robert E. Cox and a decree may be entered to that effect.

For complainant: Edwards & Angell.

For respondents: Clason, Brereton & Kingsley; Baker & Spicer.